**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 05-4566

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES GREGORY ELLIOTT,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert E. Maxwell, Senior District Judge. (CR-03-15-REM)

———————

Submitted: December 15, 2005        Decided: December 20, 2005

———————

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant. Stephen Donald Warner, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Gregory Elliott appeals his conviction and 240-month sentence imposed after he pled guilty to operating a crack house, in violation of 21 U.S.C. § 856(a) (2000). Elliott's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that, in his view, there are no meritorious issues for appeal. Elliott was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel questions the district court's compliance with Fed. R. Crim. P. 11, in accepting Elliott's guilty plea. Because Elliott did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the plea colloquy leads us to conclude that the district court fully complied with the mandates of Rule 11 in accepting Elliott's guilty plea. Thus, there is no error, plain or otherwise.

Next, counsel questions whether the district court erred in determining the amount of drugs attributable to Elliott, in concluding that Elliott possessed a firearm during the commission of the offense, and in declining to award a downward adjustment for acceptance of responsibility. The district court sentenced Elliott after the Supreme Court decided United States v. Booker, 543 U.S.

220 (2005), and properly calculated Elliott's total offense level and criminal history category to establish an advisory sentencing guideline range of 324 to 405 months of imprisonment.  However, the statutory maximum sentence applicable to Elliott's offense of conviction is twenty years, see 21 U.S.C. § 856(b) (2000); thus, the twenty-year statutory maximum became the applicable guideline range.  U.S. Sentencing Guidelines Manual § 5G1.1(a) (2003).  We therefore find no error in Elliott's sentence.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none.  Accordingly, we affirm Elliott's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED